# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **L.D.-1 and L.D.-2**

**No. 16-0550** (Wood County 15-JA-38 & 15-JA-39)

**FILED**

**November 10, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father T.D., by counsel George M. Torres, appeals the Circuit Court of Wood County's May 23, 2016, "Order Dismissing Motion For Reconsideration."[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Debra L. Steed, filed a response on behalf of the children also in support of the circuit court's order and filed a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in terminating his parental rights and in denying his "Motion For Reconsideration."[2, 3]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because the children share the same initials, we will refer to them as L.D.-1 and L.D.-2 throughout the memorandum decision. Finally, the Court notes that the proceedings below concerned an additional child that is not petitioner's biological child. Petitioner raises no assignment of error in regard to this child on appeal. Accordingly, our holding in this memorandum decision does not concern the circuit court's rulings regarding this child.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective on May 20, 2015. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below. It is important to note, however, that the abuse and neglect statutes underwent minor stylistic revisions and the applicable changes have no impact on the Court's decision herein.

[3]The Court notes that the West Virginia Rules of Procedure for Child Abuse and Neglect proceedings do not allow for a motion for reconsideration. Instead, Rule 46 provides for modification of a circuit court's order in abuse and neglect proceedings. As such, the Court will treat petitioner's "Motion For Reconsideration" as a motion to modify the dispositional order at issue in this memorandum decision.

1

by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2015, the DHHR filed an abuse and neglect petition that alleged abuse by the children's mother, A.N.[4] Although the petition named petitioner as the children's biological father, it listed his whereabouts as unknown and did not make any allegations of abuse or neglect in regard to him. In November of 2015, the DHHR filed an amended petition that alleged petitioner, who was incarcerated in the State of Ohio, failed to provide his children with appropriate shelter, supervision, financial or emotional support, medical assistance, educational direction, food, and clothing. The amended petition also alleged that petitioner left the children in the mother's care without taking action to protect them from abuse and neglect.

In April of 2015, the children's paternal grandparents moved to intervene in the proceedings and to obtain custody of the children. However, the circuit court denied the grandparents' motions based on evidence that one of the grandparents had sexual contact with L.D.-1 at some point in 2012. According to a Wood County Deputy Sheriff who testified in these proceedings, L.D.-1 disclosed sexual abuse by her grandparent in 2012. Despite this disclosure, petitioner and the mother allowed the children to reside with the grandparents as late as 2015, when they were removed from the mother's custody. In January of 2016, the circuit court held an adjudicatory hearing, during which it adjudicated petitioner as an abusing parent for his failure to provide the children with basic necessities. The circuit court also found that petitioner was absent from the children's lives for the preceding eight years.

In March of 2016, the circuit court held a dispositional hearing. At the time, petitioner remained incarcerated with a release date of September of 2018. Additionally, petitioner's motion for early release was denied shortly before this hearing, although he subsequently filed another motion for early release that was pending as of the dispositional hearing. At disposition, the circuit court heard evidence about petitioner's visits with the children while incarcerated, including a period of approximately two years where petitioner did not see the children because the grandparents had transported the children to the visits with petitioner but could no longer do so because of the sexual abuse. Moreover, the evidence established that petitioner did not believe L.D.-1's allegations of sexual abuse by the grandparent and that he continued to expose the child to the grandparent during his incarceration. At the hearing, the circuit court indicated that it would terminate petitioner's parental rights in its order.

Prior to the circuit court's entry of its order terminating petitioner's parental rights, petitioner was released from incarceration. On April 4, 2016, petitioner filed a "Motion For Reconsideration" of the circuit court's decision at disposition. On April 19, 2016, the circuit court entered its order terminating petitioner's parental rights. Thereafter, on May 23, 2016, the circuit court entered an order denying petitioner's "Motion For Reconsideration." It is from this order that petitioner appeals.

---

[4]The mother's parental rights to the children were terminated during the proceedings below.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

First, the Court finds no error in regard to petitioner's allegation that the circuit court erred in terminating his parental rights. On appeal, petitioner alleges that the circuit court should have imposed a less-restrictive dispositional alternative in light of what he describes as a close emotional bond with the children. Specifically, petitioner alleges that the circuit court should have granted him an improvement period as disposition. The Court does not agree. First, the record on appeal does not support petitioner's contention that he shares a strong bond with the children. According to petitioner, even though he was incarcerated for approximately eight years before the instant proceedings, he fostered a strong emotional bond with the children during their visits at his correctional facility. However, it is unlikely that these visits constitute a sufficient amount of time to foster a close bond, as "[o]ur cases indicate that a close emotional bond generally takes several years to develop." *In re Alyssa W.*, 217 W.Va. 707, 711, 619 S.E.2d 220, 224 (2005). Moreover, the lack of a bond between petitioner and the children is supported by the fact that a report from a therapist that provided counseling to the children indicated that they expressed indifference toward petitioner.

Additionally, the record on appeal is clear that the circuit court was required to terminate petitioner's parental rights upon its findings that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination of his parental rights was necessary for the children's welfare. We have previously held as follows:

> When no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and

the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

Syl. Pt. 3, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). In addition to his incarceration, the circuit court also considered evidence that petitioner failed to acknowledge L.D.-1's sexual abuse by her grandparent and the lack of an emotional bond between petitioner and the children. On appeal, petitioner alleges that he did not fail to acknowledge the child's sexual abuse. Instead, he argues that he asked the child about her accusation and the child indicated that she was not sexually abused. Additionally, petitioner argues that he actually granted custodial rights to the maternal grandparents and, as such, cannot be responsible for the mother leaving the children with the paternal grandparents after L.D.-1's disclosure of sexual abuse. The Court, however, does not find these arguments compelling.

As noted above, L.D.-1 disclosed the abuse to a law enforcement officer in 2012, and CPS substantiated the claim at that time. However, petitioner continued to attend visits with the children and the grandparent in question well after the accusation. Further, there is no indication that petitioner objected to the children traveling with the grandparent to visit him. Additionally, regardless of petitioner's attempt to transfer custody of the children to the maternal grandparents, it is clear that the children were allowed to reside with the paternal grandparents after L.D.-1's disclosure. As such, it is clear that petitioner not only failed to acknowledge the abuse in question, but he continued to expose the children to the abuser after L.D.-1's disclosure.

This Court has held that

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). As outlined above, the record on appeal is clear that petitioner failed to acknowledge the abuse that L.D.-1 suffered and, in fact, exposed the children to the potential for further abuse by allowing the abuser continued access to them. Because petitioner failed to acknowledge the abuse, the circuit court did not err in denying him an improvement period as disposition. Moreover, West Virginia Code § 49-4-610(3) grants circuit courts discretion in granting improvement periods as disposition, and we find no abuse of that discretion on appeal. As noted above, the circuit court specifically found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect and that termination of his parental rights was necessary for the children's well-being. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate a parent's parental rights upon such findings. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights without imposing a less-restrictive dispositional alternative.

4

Finally, the Court finds no error in the circuit court's denial of petitioner's motion to modify the dispositional order. Although petitioner filed the motion prior to the order's entry, it is clear from the record that, following the dispositional hearing, the parties were aware that the circuit court's order from that hearing would terminate petitioner's parental rights. In support of his motion, petitioner alleged that he was released from prison subsequent to the dispositional hearing and that his release corrected the conditions of abuse and neglect present. As such, petitioner requested an improvement period so as to achieve reunification with the children. The Court, however, finds no error in the circuit court's order denying the motion. According to Rule 46 of the West Virginia Rules of Abuse and Neglect Proceedings, a circuit court may modify an order upon a showing "of a material change of circumstances . . . ." In this matter, as noted above, petitioner's incarceration was not the only issue upon which termination was based. Therefore, his release did nothing to mitigate the fact that he did not acknowledge his daughter's sexual abuse and that he continued to expose the children to potential abuse by allowing the abuser additional contact with the children. More importantly, upon his release, petitioner resided in his parents' home. As such, it is clear that reunification with the children was not appropriate, given that petitioner's home was not suitable for the children because of the past instance of abuse by a paternal grandparent. For these reasons, the Court finds no error in the circuit court's order denying petitioner's "Motion For Reconsideration."

For the foregoing reasons, we find no error in the circuit court's May 23, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: November 14, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II